JOURNAL ENTRY and OPINION
{¶ 1} The court entered a judgment of conviction against defendant David Thurman on one count of felonious assault and one count of having a weapon while under disability. The sole complaint in this appeal is that the judgment of conviction is against the manifest weight of the evidence.
 {¶ 2} Our inquiry into issues concerning the weight of the evidence is to determine whether the trier of fact "lost its way" in reaching a factual conclusion to the point where a manifest injustice has occurred and the evidence weighs heavily against conviction. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 77. We do so by considering the entire record, the evidence and the credibility of all the witnesses. We remain mindful that the trier of fact is in the best position to assess the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227, paragraph one of the syllabus.
 {¶ 3} The charges against Thurman arose after gunshots were fired during a neighborhood disturbance. The victim testified that he had driven to the duplex where his fiancé lived in order to visit. He parked in the driveway, but the other tenant of the duplex complained about his car being in the driveway. The victim moved his car onto the street and sat down on the porch to wait. He said that the tenant continued to yell at him, but he ignored her. Sometime later, a white car pulled up driven by Thurman and Andre Briton, the tenant's uncle and codefendant. The victim stood and said that Briton punched him in the back of the head. A fight ensued with a number of people joining in. The victim said that Thurman went back to the car, retrieved a gun and started shooting. Thurman then handed the gun to Briton, who fired it as well. One of the gunshots shattered the window of a car in the line of fire from where Thurman held the gun.
 {¶ 4} Another witness corroborated the victim's testimony. She identified Thurman as the driver of the car and said that she saw Thurman shoot the gun and then pass it to Briton. She also said that she owned the car that had its window shattered by a bullet.
 {¶ 5} Substantial evidence corroborated testimony about the gun being fired. The police recovered two shell casings from the scene. One of the officers said that, based on statements given by witnesses on the scene, the shattered car window would have been in a direct line from where Thurman stood when firing the gun.
 {¶ 6} Based on this evidence, we cannot say that the court lost its way by entering the judgment of conviction. To be sure, there were some inconsistencies in the testimony, as there almost always are in any trial. There is little question that a gun had been fired and even Thurman testified and placed himself at the scene, although denying that he fired a gun. So it came down to a question of credibility, with the court resolving that question in favor of the state's witnesses. With two witnesses giving consistent testimony as to Thurman's use of the gun, evidence showing that their testimony was consistent with the path that a bullet would have traveled to shatter the car window, and Thurman's admission that his presence on the scene came in response to a request by Briton's niece, the court could rationally have believed that he used the gun.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., concur.